## J. P. ORR ET AL *v.* JACOB C. HEDGER.

**Appeal and Error—Pleading—Duties of Circuit Clerk in Making Transcript of Record.**

It is the duty of an appellant, in order to get a review by the appellate court, to file exceptions to the ruling of the court below in refusing to permit the filing of an amended answer, and then present and file a bill of exceptions making the rejected amended answer a part thereof, and incorporating them in the record. It is no part of the official duty of the clerk to state that the rejected pleadings are the same that he copies, and the appellate court cannot upon that unofficial statement so treat them.

APPEAL FROM OWEN CIRCUIT COURT.

January 17, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

It seems that the amended answer setting up and pleading the cost of repairs, made upon the premises as a counter claim, was

by leave of court filed, and time given appellee to reply, and on that branch of the cause a continuance granted.

Two other amendments were offered and rejected by the court, as the orders show, but whether those found copied in this record are the same which the court below rejected, this court is not furnished with the means of knowing, the mere memoranda of the clerk do not authorize this court so to regard them; if appellant desired to have the judgment of this court upon the sufficiency of his amended answer, he could only do so by excepting to the opinion of the cout refusing him permission to file them, and then presenting and filing a bill of exceptions, making said rejected amended answer a part thereof, and thus incorporating them in the record, which is not done here. It is no part of the official duty of the clerk to state the rejected pleadings are the same as that of the copies, and this court cannot, upon that unofficial statement, so treat them; this principle has often been settled by this court.

As therefore the amended pleadings rejected by the court below are not properly before this court, the presumption is that the ruling of the court below was correct. And no error being perceived prejudicial to appellants, the judgment is *affirmed*.

*Blackwell,* for appellant.